Charles J. Beckinella, J.
This is a proceeding to review the determination of respondent denying a certificate of eviction.
Petitioner and her sister are co-owners of a three-family house, having obtained a deed thereto from an uncle who presently resides therein. Petitioner filed an application for a certificate of eviction to obtain possession of the second floor apartment on the ground that her uncle was some 82 years of age and in very poor health, and it was necessary for him to have constant care and attention and to have someone reside in the premises for such purpose. The applicant is adequately housed some eight blocks from the premises and her sister also resides within a few blocks thereof. Subdivision 1 of section 55 of the State Rent and Eviction Regulations provides for the granting of a certificate of eviction in houses of more than two families to a landlord where he seeks to recover possession of housing accommodations because of an immediate and compelling necessity for his own personal use and occupancy or for the use and occupancy of his immediate family. The section defines persons constituting “ immediate family ” and does not include an uncle within such definition. Since the applicant is adequately housed she cannot satisfy the requirement of this section and since the uncle is not a member of the immediate *224 family, as defined therein, the local rent administrator denied the application for failure of petitioner to establish the existence of an immediate and compelling necessity and further on the ground that the requested removal or eviction was inconsistent with the purposes of the act and the State Rent and Eviction Regulations, and would he likely to result in the circumvention or evasion thereof. On protest to the Administrator, respondent affirmed the determination finding that petitioner was adequately housed and that mere inconvenience does not constitute urgent need within the meaning or intent of subdivision 1 of section 55 of the regulations.
The determination of respondent is neither arbitrary, capricious nor contrary to law and this court may not substitute its judgment for that of the Administrator. (See Matter of Grodofsky v. McGoldrick, 279 App. Div. 914, affd. 304 N. Y. 710.)
The petition is dismissed.